LEWIS E. EMERY, as Limited Administrator, etc., of KATHLEEN EMERY, Deceased, Plaintiff, v. THE ROCHESTER TELEPHONE CORPORATION, Defendant.

Supreme Court, Monroe County, April 12, 1935.

*Stone & Hoffenberg,* for the plaintiff.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave,* for the defendant.

CUNNINGHAM, J.   The plaintiff claims that the defendant negligently failed to furnish him adequate telephone service and that as a result thereof the services of a physician could not be secured until too late to save the life of plaintiff's intestate.

The defendant in a separate defense claims that it is exempted from liability by reason of a provision in its contract.   This defense the plaintiff seeks to strike out.

A telephone corporation is required to " furnish and provide with respect to its business such instrumentalities and facilities as shall be adequate and in all respects just and reasonable." (Pub. Service Law, § 91.)

A telephone corporation is made liable for all loss, damage or injury caused by negligence in the performance of its duties. (Pub. Service Law, § 93.)

The exemption in the contract, relied upon by defendant, is against the public policy of the State, and, therefore, illegal and void. (*Straus & Co.* v. *Canadian Pac. Ry. Co.,* 254 N. Y. 407, 414.)   In that case the court said: " The progressive enactments of the Legislature   *   *   *   have been so pronounced   *   *   *   that there can be no doubt that it has deliberately reached the conclusion, contrary to the early decisions, that to allow public service corporations by contract to absolutely exempt themselves from liability for negligence, is opposed to the best interest of the citizens of the State."

This decision is in harmony with the principle of law as set forth in The Restatement of the Law, as follows: A contract for exemption from liability for the consequences of negligence is illegal if " one of the parties is charged with a duty of public service, and the bargain relates to negligence in the performance of any part of its duty to the public, for which it has received or been promised compensation." (Restatement, Contracts, § 575, 1-b.)

The exemption from liability contained in the contract relied upon by defendant in the second affirmative defense of the answer is void, and, therefore, the defense must be stricken out.

An order to that effect may be entered, with ten dollars costs of the motion.