Carlton A. Fisher, J.
This is a motion by the defendant for summary judgment. The complaint contains two causes of action for defendant’s alleged error in publishing plaintiff’s advertisements in the “ yellow pages ” of defendant’s telephone directory.
The first cause of action alleges upon information and belief gross negligence against the defendant in allowing a lawn mower advertisement to appear under the automotive heading, and the automotive advertisement to appear under the lawn mower heading.
The second cause of action alleges breach of contract. The plaintiff is suing for $100,000 damages alleged to have been sustained as the result of the alleged errors.
The plaintiff signed an agreement concerning these advertisements by which the defendant attempted to limit its liability by paragraph 8: “ There is no obligation upon the part of the company to comply with this application or, if a unit of representation is inserted in one or more issues, to continue it as to any subsequent issue. In the event of error in or omission of a unit of representation, liability, if any, therefor shall in no case be more than the amount which shall have been actually paid hereunder for such unit of representation for the period during which such error or omission continues.”
The advertisement for automotive equipment was inserted under lawn mowers and was signed by the plaintiff on July 3d, 1955 under the caption “ Please check carefully ”, “ Is classified heading correct? ” The advertisement to be inserted under “ Power Lawnmowers ” which was actually advertised under the heading ‘ ‘ Auto Supplies and Parts ’ ’ was not signed by the plaintiff, although it did contain many corrections and indications thereon which appear to have been made by the plaintiff in its handwriting. When this error occurred, the attorney for the plaintiff notified the defendant, and defendant, *604 pursuant to said agreement, paragraph 8 hereinbefore quoted, allowed a credit to the plaintiff in the sum of $82.50 representing the full charges and costs of both advertisements.
The plaintiff has cited the authority of Emery v. Rochester Tel. Corp. (156 Misc. 562, affd. 246 App. Div. 787) and Straus & Co. v. Canadian Pacific Ry. Co. (254 N. Y. 407). The first of these cases involved the question of telephone service and hinged on whether or not gross negligence is alleged and whether or not, in rendering telephone service pursuant to rules and regulations of the New York Public Service Commission, a telephone company can limit its liability for interruption in service to the time that such interruption continues. Those cases have no bearing in the instant lawsuit, as this is purely a matter of contract, and for a breach thereof. Upon the exhibits, the agreements signed by the plaintiff, there is no question that the first cause of action based on information and belief and charging gross negligence cannot survive, and that the second cause of action alleged for breach of contract is defeated by the signing of the agreement by the plaintiff in which he agrees to limit the liability of the defendant to the provision of said paragraph 8. Such an agreement has been upheld by the Court of Appeals in Hamilton Employment Service v. New York Tel. Co. (253 N. Y. 468). The court in substance held that the telephone company could relieve itself from liability for ordinary negligence, but could not limit its liability in the case of “ gross negligence or willful misconduct”. In the instant case, the proposed ads were submitted to the plaintiff; one was signed by him and the other bore corrections in his handwriting. He is therefore charged with some duty of care on his part when the notice was called to his attention concerning the classified heading on the proposed advertisements. The limit of his liability is the return of his cost for the two ads in question which has been done.
Motion of the defendant for summary judgment is granted.