J. Robert Lynch, J.
The defendant S ’Doia herein moves for summary judgment dismissing the complaint on the grounds raised by his affirmative defenses that: (1) any claim against him has been discharged by the plaintiff’s acceptance of his work and final payment to him; (2) arbitration is by contractual necessity a condition precedent to suit and that the time to demand arbitration has expired; (3) the plaintiff by receiving payment of its damages through insurance has waived its right to seek damages from him. S’Doia also moves for summary judgment dismissing the defendant Delle Cese’s cross claim against him on the ground that Delle Cese could only be actively negligent to the plaintiff and hence not entitled to indemnity.
The plaintiff moves to strike from S’Doia’s answer as insufficient in law paragraphs Sixth through Twenty-fifth, “ including the second, third and fourth affirmative defenses ”. Actually the paragraphs specified also include the first affirmative defense and the thrust of the plaintiff’s motion papers is to the first, second and third defenses and not to the fourth.
*475 After these motions were made and while decision was pending, the defendant S’Boia for reasons which will appear later moved to stay the action against him on the ground that the issue is referable to arbitration, despite the fact that arbitration cannot be held, the time for it having passed. All of the motions are herein considered.
On June 10, 1966 the defendant S’Boia contracted with the plaintiff to do the general construction work involved in the reconstruction of one of its buildings. The contract provided:

Section 31 Damages

11 Should either party to the Contract suffer damages because of any wrongful act or neglect of the other party or of anyone employed by Mm, claim shall be made in writing to the party liable within a reasonable time of the first observance of such damage and not later than the final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration.”

Section 40 Arbitration

“ All disputes, claims or questions subject to arbitration under the Contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of the American Institute of ArcMtects, and the Agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other.
11 The Contractor shall not cause a delay of the work during any arbitration proceedings, except by agreement with the Owner.
“ Notice of the demand for arbitration of a dispute shall be filed in writing with the other party to the Contract, and a copy filed with the Architect. The Demand for arbitration shall be made within a reasonable time after the dispute has arisen; in no case, however, shall the demand be made later than the time of final payment, except as otherwise expressly stipulated in the Contract.”
The defendant Belle Cese was the architect of the reconstruction project and the defendant Dale Engineering was the consulting engineer for structural steel work. During the course of the job a part of the east wall of the building collapsed on *476 November 28, 1966 and a part of the west wall on February-16, 1967. On July 18, 1967 a change order on S’Doia’s contract was issued which called for re-erection of the collapsed portions at a cost of $219,973. By letter of October 2, 1967, the plaintiff through its attorneys advised the defendants:
“ This matter has been thoroughly investigated and the result of said investigation clearly demonstrates that the damage and loss aforesaid, was occasioned by the negligence of each of you, either jointly or severally.
‘ ‘ Please acknowledge receipt of this letter so that a possible disposition may be discussed without the necessity of litigation. If I do not hear from you within 30 days, I will assume that litigation will be necessary.”
The letter led to conferences among the parties’ representatives which continued to at least July 15, 1968, if not longer. In April, 1969 this action was commenced by the service of bare summonses to which S’Doia responded with a notice of appearance and a demand for a complaint. On June 19,1969 the entire construction job, change orders and all, was completed; the job was accepted; the final payment to S’Doia was made. On June 30, 1969, the plaintiff served the complaint on S’Doia. This was taken back to correct some dates and the corrected version was served on July 21, 1969. S’Doia answered, setting forth the defenses mentioned, on August 15, 1969.
S’Doia’s prayer for summary judgment on the ground that the claim against him has been discharged by acceptance of his work and final payment is denied. By its terms the contract excludes from release by final payment all claims arising out of “ failure to comply with drawings and specifications ”. Whether the claim asserted by the plaintiff’s letter of October 2, 1967 falls in this category or whether or not it was excluded for some other reason from the release of final payment, an issue nonetheless remains. It may ultimately be resolved as a question of law but at this juncture the moving papers, while treating this aspect of the motion rather cursorily, do suggest that there may well be considerable factual evidence on this point. Since this defense has been pleaded in paragraphs Sixth through Sixteenth of S’Doia’s answer, the plaintiff’s motion to strike these paragraphs is denied.
S’Doia’s motion for summary judgment on the ground that the plaintiff has waived its right to seek damages from him because it has accepted payment of those damages through insurance must be denied. S’Doia would have us hold that the usual insurer-loan receipt-plaintiff arrangement is unavailable here because the contract provides that the “ owner, contractor, *477 and all other subcontractors waive all rights, each against the others, for damages caused by fire or other perils covered by insurance ”. To interpret this to exempt a contractor from the results of his own negligence is forbidden as contrary to public policy (General Obligations Law, § 5-323). We recognize that Melodee Lane Co. v. American Dist. Tel. Co. (18 N Y 2d 57) cited by S’Doia permits, consistent with the statutory prohibition against exemption from liability, an optional limitation of liability, but that does not lie within our facts. The plaintiff’s motion to strike this defense, pleaded in the Twentieth and Twenty-first paragraphs of the answer, is granted.
We come now to the problem presented by the existence of the arbitration clauses in the contract and the compounding of that problem by the complaint not having been served until the time for arbitration had expired. First though we must agree with S’Doia that he was not required to seek arbitration before the complaint was served. It is traditional that “ a defendant may ordinarily let a sleeping dog lie until he is in danger of being bitten ” (Matter of Haupt v. Rose, 265 N. Y. 108, 111).
It is S’Doia’s argument that a change in procedure effected when the arbitration practice of section 1451 of the Civil Practice Act was supplanted by CPLR 7503 has impaled him on the horns of a dilemma. This accounts for his having hedged his first motion for summary judgment on the existence of the arbitration contract by the later motion for a stay of this lawsuit. The cases under the Civil Practice Act are clear in their holding that summary judgment is not proper and that the exclusive remedy is the stay. (See, e.g., American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322.) We agree with S’Doia that it would appear that these cases disallow summary judgment not because it is not efficacious for the purpose but only because the stay remedy is exclusively available.
But out went the Civil Practice Act and in came the CPLR of whose section 7503 Weinstein-Korn-Miller has said: “No change has been made in the CPLR * * * an agreement to arbitrate cannot be pleaded as a defense ”. It suggests that the stay is still the exclusive remedy. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7503.19.) Yet there was a change. It is described by Professor Joseph M. McLaughlin (1965 Suppl. Practice Commentary to CPLR 7503, McKinney’s Cons. Laws of N. Y.). “It will be observed that the exclusive remedy provided for a party aggrieved by the failure of another to arbitrate is either a motion in a pending action to compel arbitration or an independent special proceeding to compel arbitration. The Civil Practice Act § 1451 provided a third *478 remedy: a motion to stay the action. The 'CPLB simply provides that, if a motion to compel is granted, it operates as an automatic stay of the pending action. It would appear, therefore, that there is no remedy available to a party who wishes to stay an action without taking the affirmative of compelling arbitration. This may have serious repercussions.”
First, S’Doia says that the fact that the provisions for a motion to say an action have been left out of CPLB 7503 would indicate that the Legislature intended to put the matter with respect to an action once commenced entirely back into the court of law, unless one of the parties actually desired to compel arbitration of a matter which still could be arbitrated. We find no support for this assertion in any of the reports of the draughtsmen. We could agree with it only if there were no provisions for this stay in any other section of the CPLB and no other way to make sense of the Legislature’s intent. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, '§ 146.)
S’Doia urges the view that with no stay remedy available to him summary judgment is in order. We disagree, holding that one who does not wish to take the affirmative of compelling arbitration still has the right to have the action at law stayed. On at least one occasion the right has been assumed to be inherent in CPLB 7503. (See Adelphi Enterprises v. Mirpa, Inc., 33 A D 2d 1019.) Even if not inherent in CPLB 7503 the court has the power to stay any action in a proper case. (CPLB 2201; see also Professor McLaughlin’s 1965 Commentary, supra.) A mutual agreement to arbitrate would appear to us to be sufficiently proper case. Accordingly, we deny S’Doia’s motion for summary judgment and grant the plaintiff’s motion to strike the affirmative defense of the existence of the arbitration agreement pleaded in paragraphs Seventeenth through Nineteenth of the answer.
We consider now the motion for the stay. In Matter of River Brand Rice Mills v. Latrobe Brewing Co. (305 N. Y. 36) an action by a buyer was stayed because his sole remedy was arbitration even though the seller had already obtained a stay of arbitration because the buyer’s demand for it had not been made within the time specified by the contract. The court said (p. 41):‘‘ were one of the parties to an arbitration agreement, containing a time limitation, permitted to allow such limitation to expire and then sue at law on the claim which it had agreed to arbitrate, the result would be a return to the situation obtaining when agreements to arbitrate were revocable at the will of a party thereto ”. This fits our situation — the plaintiff allowing the time to arbitrate to expire, then suing at law *479 the claim it had agreed to arbitrate. But tailored as it is to our facts, we are not yet brought to the point of decision. Granting S’Doia the right to have had the action stayed once he received the complaint, has he by his conduct since then waived his right to it? A defendant “ may play with the danger too long” (Matter of Haupt v. Rose, 265 N. Y. 108, 111, supra, citing Nagy v. Arcas Brass & Iron Co., 242 N. Y. 97). (S’Doia is not deemed to have waived by not demanding arbitration before the complaint was served. See Klein Coat Corp. v. Peretz, 4 Mise 2d 341.)
Parties to an arbitration agreement may elect either to have their differences determined by it or to find relief in a court of law. The plaintiff, suing at law, made its election, A defendant proceeding with and acquiescing in the procedures of the action at law is by that fact deemed to have elected it and waives his right to reliance on the arbitration agreement. (Matter of Zimmerman v. Cohen, 236 N. Y. 15; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7503.14 ei seq.) S’DoiaSs conduct since receiving the complaint is inconsistent with Ms present contention that he relies on the agreement. He has waived his right; he has elected the action at law.
Between S’Doia’s receipt of the complaint and the show cause order that he procured seeking the stay more than 16 months elapsed. During that time he answered, not only pleading the defense of the arbitration (cf. Kalin Contr. Co. v. Picram Constr. Corp., 13 Misc 2d 1072, revd. on other grounds 8 A D 2d 637), but also pleading defenses going to the merits of the claim. In the answer he also asserted a cross claim against the defendant Delle Cese and Dale Engineering Company. He asked for and on September 12, 1969 received a bill of particulars after which a cross claim was pleaded against him by Delle Cese which he thereupon answered. On October 23, 1969 he asked for a further bill of particulars and on November 6, 1969 he asked for another. In January, 1970 he participated in arrangements for an examination before trial. In February, 1970 he participated in arrangements for a discovery proceeding and attended discovery proceedings in July, 1970. He thereafter in October, 1970 made the motion for summary judgment herein decided. It is to be noted that while one facet of thé motion for summary judgment concerned the arbitration agreement, the other two grounds were directed to the merits. Such a motion has been considered as being determinative of an election to proceed at law and not to depend on the arbitration agreement (Board of Educ. v. Mancuso Bros., 25 Misc 2d *480 122). Only then, in late November, 1970 did S’Doia seek the stay. It must be denied on the basis of his own conduct.
"While the plaintiff’s motion to strike specified paragraphs of S’Doia’s answer is stated to include paragraphs Twenty-second through Twenty-fifth, the moving papers assert no argument against these paragraphs. For this reason and because these paragraphs are not directly in opposition to the complaint but are in fact S’Doia’s cross claim against Delle Cese and Dale Engineering, we deny the plaintiff’s motion to strike them.
The defendant S’Doia also moves for summary judgment dismissing the cross claim of the defendant Delle Cese against bim on the argument that the plaintiff’s allegations of negligence against Delle Cese can only be construed as active and that an actively negligent tort-feasor is not entitled to indemnity. (See Putvin v. Buffalo Elec. Co., 5 N Y 2d 447.) We do not take issue with S’Doia’s citations. We do hold however that under the allegations of the complaint proof might be received which would establish passive negligence on Delle Cese’s part and active negligence on the part of S’Doia. That being so, the motion for summary judgment must be denied (Williams v. Twin Ponds Golf Assoc., 23 A D 2d 956).
Two orders should be submitted for signature:
1. Denying S’Doia’s motion for summary judgment dismissing the cross claim of Delle Cese;
• 2. Denying all of S’Doia’s motions for summary judgment dismissing the plaintiff’s complaint;
Denying S’Doia’s motion for a permanent stay of the action;
Denying the plaintiff’s motion to strike the following paragraphs of S’Doia’s answer: Sixth through Sixteenth; Twenty-second through Twenty-fifth.
Granting the plaintiff’s motion to strike the following paragraphs of S’Doia’s answer: Seventeen through Twenty-one.