RALPH KORTE CONSTRUCTION COMPANY, Plaintiff-Appellant, *v.* SPRINGFIELD MECHANICAL COMPANY, Defendant-Appellee.

Fifth District   No. 77-151

Opinion filed October 26, 1977.

Wagner, Bertrand, Bauman & Schmieder, of Belleville (Robert W. Schmieder, of counsel), for appellant.

Freeark & Harvey, of Belleville (Ray Freeark and James Mendillo, of counsel), for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order entered by the circuit court of Madison County dismissing the complaint filed therein. The plaintiff, Ralph Korte Construction Company (Korte), entered into a contract with the City of Hillsboro for the construction of a water treatment plant. The defendant, Springfield Mechanical Company (Springfield), was employed by Korte as a subcontractor on the project.

On August 19, 1975, an employee of Springfield was using an acetylene cutting torch to cut beams for the water tank at the treatment plant. Allegedly, a spark from the torch started a fire which damaged the project to the extent of $21,131.33. International Insurance Company, the insurer for Korte, paid in full for the fire damage. It is stipulated by the parties that Korte was insured against fire in excess of $21,131.33.

Korte filed the instant suit against Springfield alleging that the fire was caused by negligence of Springfield's employee. Springfield moved to dismiss on the grounds that pursuant to a clause in the subcontract, Korte had waived its right to sue Springfield for any damage for which Korte

was insured. The clause, paragraph 8 of attachment "A" of the subcontract, provides:

"(8) The contractor, subcontractor, and sub-subcontractor waive all rights against each other for damages caused by fire or other perils to the extent covered by insurance."

The lower court found in favor of Springfield and dismissed the action. Korte appeals and raises the sole question of whether paragraph 8 is void as against public policy under section 1 of the "Act in relation to indemnity in certain contracts" (Ill. Rev. Stat. 1975, ch. 29, par. 61), making void any agreement the effect of which indemnifies one against his own negligence in construction contracts.

Section 1 of the statute provides:

"With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable."

Korte argues that to hold the instant agreement valid would circumvent the clear intention of the Legislature in enacting the indemnity statute. Korte states:

"While there are no words in the agreement which speak in terms of indemnification of a party or holding harmless of a party, the net effect of 'paragraph 8' does preclude blame being placed on the shoulders of the person who caused the fire. It does hold harmless Springfield from Springfield's own negligence."

Our research indicates that the question of whether the instant agreement is void under the indemnity statute is one of first impression in Illinois. In *Davis v. Commonwealth Edison Co.*, 61 Ill. 2d 494, 498-99, 336 N.E.2d 881, 884, the court stated:

"It is generally known that indemnity and hold-harmless agreements are most widely used in the construction industry. The legislature in enacting section 1 may have considered that the widespread use of these agreements in the industry may have removed or reduced the incentives to protect workers and others from injury. [Citation.] For example, persons having 'charge of the work' and, thus, persons liable for violations of the Structural Work Act are able to escape the consequences of this liability by requiring indemnifying agreements from, let us say, general contractors or subcontractors. Having arranged the avoidance

of the burdens of liability they no longer have the same motivation 'to lessen the extent of the danger' [citation] to the prejudice of the worker's safety and interest. Too, the members of the general public protected from dangers presented by, for example, the improper design, construction and maintenance of buildings would be obviously affected adversely if those charged with responsibility were able to avoid the consquences of liability through indemnity agreements. Viewed in this light, we consider that section 1 of the indemnity statute serves to protect workers in the industry and the public as well from dangers associated with construction work. The statute would thwart attempts to void the consequences of liability and thereby insure a continuing motivation for persons responsible for construction activities to take accident prevention measures and provide safe working conditions."

In the case at bar, the parties had agreed, in effect, to assume the risk of loss as between themselves due to fire or other perils, to the extent each party was covered by insurance. The instant case, however, does not involve injury suffered by a construction worker or a member of the general public but instead, damage suffered by one of the contracting parties due to the alleged negligence of another. Since the case at bar does not involve the assertion of a common law right to indemnification by one of the parties against another, we need not and, hence, do not here decide whether the instant agreement may lawfully waive the assertion of such a right. Rather our consideration is limited to the question of whether the agreement, as applied to the instant facts, falls within the penumbra of the indemnity statute and is thereby prohibited as so applied. We find that it does not.

Both sides benefit from the arrangement and such benefit under the circumstances does not come at the expense of a third party. The agreement, as here applied, does not remove or reduce any incentives to protect workers and others from injury since it does not involve any question of liability to a third party. Under the agreement, Korte waived his right to sue Springfield for Springfield's negligence which resulted in a loss to Korte, because Korte had insurance covering the loss and, in fact, such loss was fully paid for by Korte's insurer. Under these circumstances, Springfield's avoidance of the burden of liability did not effect any prejudice to the interest in the safety of workers and members of the general public.

We note that three other States have enacted statutes similar to the Illinois statute here in question. (Cal. Civ. Code §2782 (1974); Mich. Comp. Laws 691.991 (1970); N. Y. Gen. Oblig. Law §5—324 (1974).) California and Michigan reviewing courts have not, to our knowledge,

spoken on the issues presented here. Research has disclosed three cases in New York involving the applicability of the New York statute to waiver clauses similar to the one at bar. In *Board of Education v. Delle Cese* (1971), 65 Misc. 2d 473, 318 N.Y.S.2d 46, the Supreme Court of Oneida County held that such a waiver clause would not be interpreted to exempt a contractor from the results of his own negligence since to do so was forbidden as contrary to public policy under the New York statute. However, under facts similar to those at bar, the Supreme Court of Richmond County in *St. Vincent's Medical Center v. Vincent E. Iorio, Inc.* (1974), 78 Misc. 2d 968, 358 N.Y.S.2d 993, rejected the holding in *Delle Cese*, and held the New York statute inapplicable to an action for negligence between the parties to the contract. The court reasoned, *inter alia*, that the public was not involved nor were the interests of the public affected by the limited waiver clause under the facts of that case and consequently, the court concluded, the legislature had not intended to prohibit the agreement. In *614 Third Avenue Corp. v. Grand Iron Works, Inc.* (1974), 44 App. Div. 2d 531, 353 N.Y.S.2d 458, the Appellate Division of New York also held a waiver clause valid in a memoranda opinion upon a finding that the agreement did not contract away liability but merely required each contracting party to procure insurance to cover his own risks.

We are in agreement with the *614 Third Avenue* and *Iorio* cases. The instant case does not involve an action for indemnification but is simply an action for negligence between the contracting parties. It is undisputed that under the agreement, if valid, Korte waived any right to sue Springfield. Since we do not find the agreement void under section 1 of the indemnity statute, we affirm the order entered by the circuit court of Madison County dismissing the cause.

Affirmed.

G. J. MORAN and JONES, JJ., concur.