THE CITY OF HILLSBORO *ex rel.* INTERNATIONAL INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, *v.* SPRINGFIELD MECHANICAL COMPANY, Defendant-Appellee.

Fifth District    No. 78-387

Opinion filed August 8, 1979.

Robert W. Schmieder, of Wagner, Bertrand, Bauman and Schmieder, of Belleville, for appellants.

Freeark, Harvey and Mendillo, of Belleville (James R. Mendillo, of counsel), for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Madison County dismissing plaintiffs' original and amended complaint. For the reasons given herein, that judgment is affirmed.

The facts are as follows. The City of Hillsboro entered into a contract with Ralph Korte Construction Company to make additions and alterations to a one-story building being used by Hillsboro as a water-treatment plant. The contract provided, *inter alia*:

"The contractor will remedy all damage, injury or loss to any property caused, directly or indirectly, in whole or in part, by the

contractor, any subcontractor or anyone directly or indirectly employed by any of them or anyone for whose acts any of them be liable, * * *."

The agreement between Hillsboro and Korte also contained the following provision requiring Korte to purchase insurance on the project, for the benefit of Korte, Hillsboro and any subcontractors that were to be retained:

"The contractor shall acquire and maintain, if applicable, fire and extended coverage insurance upon the project to the full insurable value thereof for the benefit of the owner, the contractor, and subcontractors as their interest may appear. This provison shall in no way release the contractor or contractor's surety from obligations under the contract documents to fully complete the project."

In compliance with its agreement, Korte obtained an insurance policy with the plaintiff insurer and with itself and Hillsboro as named insureds.

Korte hired defendant, Springfield Mechanical Company, as a subcontractor to perform a portion of the contract. By its terms, the contract between Korte and Springfield Mechanical contained the following provision:

"(8) The contractor, subcontractor, and sub-subcontractor waive all rights against each other for damages caused by fire or other perils to the extent covered by insurance."

Subsequently, on August 19, 1975, an employee of defendant Springfield was apparently negligent and caused a fire which damaged the structure in the amount of $21,131.33. Bids were let for the repair, and the bid of Korte was accepted; and after Korte did the repair work, International Insurance paid Korte for its services.

Korte subsequently brought suit against Springfield for the damage, presumably for the benefit of International Insurance. In that case, the trial court's order granting Springfield's motion to dismiss was affirmed on appeal on the basis that the quoted provision in the contract between Korte and Springfield Mechanical barred recovery. *Ralph Korte Construction Co. v. Springfield Mechanical Co.* (1977), 54 Ill. App. 3d 445, 369 N.E.2d 561.

Thereafter, this suit was filed by the City of Hillsboro, for the benefit of International Insurance. Springfield filed a motion to dismiss alleging that Korte was the true subrogor and that this court had previously determined it could not recover from Springfield because of the provisions of paragraph (8) of its contract with Springfield. The motion was denied. Springfield filed a motion to reconsider, and International Insurance subsequently was joined directly as a party plaintiff. Ultimately,

the motion to dismiss was granted by the trial court; however, the court did not specify the grounds for the dismissal.

On appeal, plaintiffs' sole contention is that the City of Hillsboro had an insurable interest in the property contrary to the findings of the trial court. Defendant contends that the question of whether or not Hillsboro had an insurable interest is irrelevant.

The record indicates that neither the defendant in either its motion to dismiss, motion to reconsider or memorandum of law nor the trial court in its order addresses the question of whether or not Hillsboro had an insurable interest in the property that was damaged and repaired. This element has been injected into this proceeding by plaintiffs and is argued by them on appeal; however, we conclude that a consideration of this question is unnecessary.

■■■ The only basis upon which recovery can be granted in the instant case is on the theory of subrogation. It is fundamental that, "the ultimate responsibility for loss should be placed upon the one who wrongfully caused it and that, '* * * a person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful act of another, will be subrogated to the rights of the injured person against such wrongdoer.' (*Geneva Construction Co. v. Martin Transfer and Storage Co.* (1954), 4 Ill. 2d 273, 283.)" *People ex rel. Illinois State Police v. Hamm* (1978), 58 Ill. App. 3d 177, 374 N.E.2d 13.

In the instant case the injured party was Korte. According to the terms of its contract with Hillsboro, it was Korte's responsibility to, "* * * remedy all damage, injury or loss to any property caused, directly or indirectly, in whole or in part, by [it] the contractor, any subcontractor or anyone directly or indirectly employed by any of them or anyone for whose acts any of them be liable * * *." Further, Korte was required to maintain full insurance for Hillsboro, itself and the subcontractor as their interests may appear; and, additionally, Korte agreed to be fully responsible to Hillsboro for the acts of its subcontractors. Thus, when International Insurance made payment for repair of the damages to the building occasioned by the alleged negligence of the defendant, it was satisfying the contractual responsibility of Korte to the City of Hillsboro. Not only was Korte's obligation to Hillsboro specified in the contract, it was recognized by Korte when it filed the initial lawsuit, in which it was alleged that Korte was under a duty to build and repair said building pursuant to its contract with Hillsboro.

The contract with Hillsboro was in effect when Korte entered into its contract with Springfield in which it was agreed that both parties would waive all rights against each other for damages caused by fire or other perils to the extent covered by insurance.

In the initial lawsuit, reported in 54 Ill. App. 3d 445, 369 N.E.2d 561,

this court held that Korte's recovery was barred by its agreement with Springfield in which Korte had waived its right to sue Springfield for any damage for which Korte was insured. The permissibility of Korte maintaining such a suit on the theory of subrogation was not then questioned by the parties and, in our opinion, such action is the only subrogation claim which may be asserted under the facts of this case.

The fact that the insurance proceeds were paid to a named insured complicates consideration of this cause but is of no consequence in a determination of the controversy raised by this appeal. Had Korte not been hired to perform the repairs made necessary by defendant's alleged negligence, the results would have been identical. Korte, under its contract with Hillsboro, was responsible for the loss and had a duty to repair the structure. It was its obligation that was retired as a result of the payment from the insurance company, not Hillsboro's. Only Korte could be the subrogor, and this court previously has held that its action is barred by its contract with Springfield.

By reason of the foregoing, the order of the trial court in dismissing the complaint and amended complaint is affirmed.

Affirmed.

G. MORAN, P. J., and KUNCE, J., concur.