ARTHUR P. SCRIPTURE, Plaintiff, *v.* DAVID A. BUCKLEY, JR., Defendant.

City Court of New York, New York County, April 23, 1930.

*Strauss, Reich & Boyer*, for the plaintiff.

*William E. Buckley*, for the defendant.

NOONAN, J. Plaintiff was the owner of five $1,000 bonds of the W. A. Ives Manufacturing Company, of which the defendant was an officer and a stockholder. According to the tenor of the bonds, the corporation was not privileged to mortgage its property without the consent of the bondholders. Desirous of placing a mortgage on its property, the corporation agreed to purchase the bonds from the plaintiff and to pay $2,500, plus accrued interest, within sixty days after the mortgage was placed, and the balance within two years thereafter in two annual notes for equal amounts. The defendant guaranteed the payment of the $2,500, and it is upon this written guaranty that the action is brought. The question on the motion now before the court is whether the defendant, pursuant to section 193, subdivision 2, of the Civil Practice Act, is entitled to join as a party defendant the W. A. Ives Manufacturing Company. The defendant contends that he received no consideration or benefit from the corporation for his guaranty, and that the latter is bound on an implied promise to reimburse him for any payment which he may be compelled to make. (*Badolato* v. *Molinari*, 106 Misc. 342; *Blanchard* v. *Blanchard*, 201 N. Y. 134.) The cause of action against the principal does not arise, however, until the surety makes payment. (Stearns Suretyship, §§ 279, 280, pp. 503, 507; Pingrey Suretyship & Guaranty [2d ed.], § 182, p. 207; *Blanchard* v. *Blanchard, supra*, 138, 139.) It will first have to be determined that the surety must pay, and then, upon payment by the latter, the principal may be called upon for indemnification. If the principal were now joined, there might be presented the anomaly of two judgments, one of which would be conditional upon the payment of the other. The defendant might collect his judgment against his principal, while the plaintiff may not be able to satisfy his judgment against the defendant.

Under such circumstances, there should be no joinder. (*Kromback* v. *Killian*, 215 App. Div. 19.)

Motion is denied.