On January 2, 1970, Richard Larson, the third-party defendant in this action, executed a note in favor of the plaintiff bank for $3106.50. At the time, he was married to the named defendant who cosigned the note at the request of the bank. The entire proceeds of the loan were put in Larson's business account and were used for business purposes. The parties were divorced shortly thereafter. On March 15, 1974, judgment was rendered against Larson in favor of the plaintiff bank by reason of his default in payments on the note. A weekly order for payments on that judgment was entered on January 19, 1978, and the judgment debtor, Richard Larson, had been making payments under that order at the time of trial. On February 18, 1976, the present action against the named defendant was commenced by the bank, claiming a default in payments under the note. On April 1, 1976, the named defendant, pursuant to § 78A of the 1963 Practice Book, moved to implead Richard Larson as a third-party defendant, alleging that "he is or may be liable" to the plaintiff for the outstanding balance of the note. On January 27, 1978, by stipulation of the parties, a judgment in the amount of $1497.55 was entered in favor of the plaintiff bank against the named defendant. At the trial, one of the issues raised under the third-party complaint was whether the third-party plaintiff was an accommodation maker. The question of law raised by the third-party defendant pursuant to § 223 of the 1963 Practice Book was whether payment of an obligation by an accommodation party is a condition precedent to his right of recovery by way of indemnification from the accommodated party. *Page 84 
The Uniform Commercial Code has eliminated the requirement that an accommodation party sign the instrument without receiving value. The essential characteristic is that the accommodation party is a surety and not that he signed gratuitously. An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it. General Statutes § 42a-3-415 (1). A wife may be an accommodation maker for her husband. Seaboard Finance Co. v.Dorman, 4 Conn. Cir. Ct. 154, 156. The court finds that the third-party plaintiff signed the note for the sole purpose of lending her name to her husband and that she was, therefore, an accommodation maker.
Under ordinary principles of suretyship, the accommodation party who pays is subrogated to the rights of the holder. An accommodation party is not liable to the party accommodated, and if he pays the instrument he has a right of recourse on the instrument against that party. General Statutes § 42a-3-415 (5). Ordinarily the debt must be paid in full before subrogation will be allowed and a mere liability to pay or a conditional tender of payment is not sufficient. 83 C.J.S., Subrogation, § 10. Payment for the principal debtor's accommodation of a sum of money of which he has received the benefit entitles the accommodation endorser or maker to payment. Foster v. Balch, 79 Conn. 449. A surety must pay the debt before he may recover of the principal, and proof of payment is an essential element of the plaintiff's case. Prospect Realty, Inc. v.Bishop, 33 Conn. Sup. 622, 624.
In her brief the third-party plaintiff concedes that normally payment by the surety is a condition precedent to his right to recovery. Her claim, however, is that she has already sustained a loss in that she has incurred legal fees in defending the original *Page 85 
action by the bank and in pursuing the third-party action. Furthermore, she argues that by reason of the entry of the stipulated judgment against her, her status as a judgment debtor exposes her to the consequences of whatever steps the bank may take to collect that judgment. By way of bolstering her claim that she has suffered a genuine loss, her attorney, subsequent to the trial, asked the court to take judicial notice that the bank had in fact moved for an order of weekly payments and suggested that "it would obviously be unfair for such an order to be entered against the defendant while the third party defendant is able to pay."
In pressing the foregoing argument, the third-party plaintiff's counsel has attempted to equate an obligation to pay with actual payment, thereby in effect accelerating the surety's rights to the detriment of the unpaid creditor. One of the cases cited in support of that position clearly states the rule to be as follows: "On payment of the note and notuntil then the surety is entitled to maintain the common law action of indebitatus assumpsit . . . . [I]f he has been forced to pay the note, he has a right of action against the maker . . . ." Bishoff
v. Fehl, 345 Pa. 539, 542. (Emphasis added.) Although the giving of a new note by the surety and its acceptance by the creditor may constitute payment for the purposes of this rule, an obligation to pay is not the same thing as actual payment and even the posting of a bond by the surety to secure payment of the debt has been held to be insufficient. See annot., 36 A.L.R. 553, 592. In an action in federal court by an accommodation endorser against the maker, the complaint was held insufficient and the plaintiff was nonsuited where it was alleged only that an action by the creditor was pending against the plaintiff in the state court on the same instrument. In that case the court held that an *Page 86 
accommodation party has no claim for damages until he suffers a loss by payment of the debt, and that he is, therefore, required to allege expressly payment rather than a merely contingent liability to which he may be exposed. Murray v. Bronner,211 F. Sup. 662 (S.D. N.Y.). The same rule has been applied where the plaintiff has paid the debt prior to trial, on the ground that his cause of action did not accrue until he paid the note, which was done after the commencement of the action. See Grygiel
v. Marcille, 51 R.I. 109.
In his posttrial communication counsel has made reference to the apparent inequity of allowing proceedings to enforce the judgment against his client while the third-party defendant is able to pay. The general rule that payment of part of the debt will not give rise to a right of subrogation on the part of the person seeking subrogation may appear to be a harsh one. It is, however, a rule for the protection and benefit of the creditor only. He is entitled to remain in entire control of the debt and of procedures for its collection so long as any of it remains owing to him. Mid-States Ins. Co. v. AmericanFidelity Casualty Co., 234 F.2d 721 (9th Cir.). The creditor cannot equitably be compelled to split his securities and give up control of any part until he is fully paid. Standard Surety Casualty Co.
v. Standard Accident Ins. Co., 104 F.2d 492
(8th Cir.). A surety who is subrogated upon partial payment becomes a competitor with the creditor and there is no equity on which to base the deprivation of the creditor of any of his legal rights for the benefit of the surety until he, the creditor, has been paid in full. Garrity v. Rural Mutual Ins. Co., 77 Wis.2d 537,543. The right of subrogation cannot be exercised against the essential rights of the creditor whose rights are paramount. Stamford Bank v.Benedict, 15 Conn. 437, 446. Before subrogation can *Page 87 
be enforced the whole debt must be paid because there should be no possibility of interference in the slightest degree with the rights of the creditor in collecting the full amount of the obligation. The surety should not be permitted to take away from the obligee, to his prejudice, rights or securities in which he is still beneficially interested. ContinentalBank Trust Co. v. Alabama General Ins. Co.,274 Ala. 622. It would be absurd to suppose that a person not a creditor should have rights against the debtor's property since any such rule would operate to the injury of other creditors and would deprive them of their legal right to have their debtor's property applied to their debts. Annot., 36 A.L.R. 553, 588. The obligation of an accommodation maker is a primary obligation and each comaker is equally liable on the note. Westville Hamden Loan Co.
v. Pasqual, 109 Conn. 110, 114. A comaker's right of subrogation cannot be enforced until the whole debt is paid and until the creditor is wholly satisfied.Haley v. Brewer, 220 Ark. 511. The entry of a judgment in favor of the third-party plaintiff at this time would constitute a substantial interference with the rights of the holder to collect the full amount of its debt from either or both judgment debtors in whatever manner and in such proportions as it sees fit. It might permit the accommodation party to collect her judgment against her principal while at the same time preventing or hindering the holder's right to seek satisfaction of his judgments. See Scripture v. Buckley, 137 Misc. 155 (N.Y.).
For the foregoing reasons the court concludes that payment of the obligation by the accommodation party is a condition precedent to his right of recovery by way of indemnification from the accommodated party, and the question of law submitted by the third-party defendant must therefore be answered in the affirmative. *Page 88 
An issue not raised by the parties at the trial or in their briefs remains to be considered, namely, whether the third-party procedure utilized herein expedites the accrual of the third-party plaintiff's right of action against the third-party defendant. Section 78A of the 1963 Practice Book permits the impleading by a defendant of one not a party to the original action "who is or may be liable to him for all or part of the plaintiff's claim against him." This rule is patterned after Rule 14(a) of the Federal Rules of Civil Procedure. Third-party practice is procedural and does not create, abridge, enlarge or modify the substantive rights of any litigant, but where there is a substantive basis for a right to reimbursement or indemnity, the rule expedites the presentation, and, in some cases, the accrual of such rights. 3 Moore, Federal Practice (2d Ed.), § 14.03. General Statutes § 52-102a, and Practice Book, 1963, § 78A provide further that the third-party complaint "shall be equivalent in all respects to an original writ, summons and complaint . . . ." The complaint must therefore contain sufficient allegations to state a cause of action equivalent to the requirements of an original complaint. Senior v.Hope, 156 Conn. 92, 97; First New Haven NationalBank v. Rosenberg, 33 Conn. Sup. 1. Where two persons are jointly and severally bound to pay and one is compelled to pay the entire amount, he may recover the other's proportionate share, but his right of action "does not accrue in law or in equity until the actual payment of the common debt." Waters
v. Waters, 110 Conn. 342, 346. The mere liability to pay money for another as surety is no ground for action and no right of action accrues until actual payment is made. Hotchkiss v. Downs, 2 Conn. 136. Under § 42a-3-415 (5) of the General Statutes an accommodation party's right of recourse against the party accommodated is a new right which does not even accrue until the plaintiff has been compelled *Page 89 
to pay the holder of the note. Ilg v. Andrews,10 Wash. App. 936. It should be noted that Practice Book, 1963, Form 62, in setting forth the plaintiff's cause of action, includes the allegation that "the plaintiff was thereupon compelled to pay and did pay" the accommodation note. The court finds that the third-party plaintiff has failed to establish any present right to indemnification from the third-party defendant.
 Judgment may enter in favor of the third-party defendant, Richard Larson.