(No. 52474.—

THE VILLAGE OF CRAINVILLE v. ARGONAUT IN-
SURANCE COMPANY, Appellant (Lawrence Emery,
*et al.,* Appellees).

*Opinion filed May 22, 1980.—Rehearing
denied September 26, 1980.*

Bernard A. Reinert and Bradley J. Washburn, of Leritz & Reinert, P.C., of St. Louis, for appellant.

David R. Craig, of Craig, Brandon & Murphy, of Herrin, and William J. Novick, of Fowler & Novick, of Marion, for appellees.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The village of Crainville (village) entered into a contract with Freeburg Construction Company (Freeburg) for the construction of a waterworks and sewage system as specified by a municipal ordinance. The village required a performance bond and a payment bond, both of which designated Freeburg as principal, the village as obligee and Argonaut Insurance Company (Argonaut) as surety. Alleging that Freeburg had breached the construction contract and that Argonaut had failed to fulfill its obligations under the performance bond, the village filed an action in the Williamson County circuit court seeking specific performance and damages against Freeburg, Argonaut and Robert R. Callaghan, doing business as Freeburg Construction Company.

Argonaut subsequently filed a third-party complaint against the village trustees, and against Robert R. and Ruth Callaghan and George H. Knostman, Jr., individually and doing business as George H. Knostman, Jr., Associates, Consulting Engineers. Alleging that these individuals had been "negligent and derelict" in the performance of duties specified in village ordinances and in particular contracts, Argonaut sought indemnification from liability by those third-party defendants and subrogation to the village's rights against them. After answers asserting affirmative defenses had been submitted to both com-

plaints, the village trustees and Knostman filed motions for summary judgment. The trial court granted these motions and entered an order and judgment for those third-party defendants against Argonaut. In addition, Argonaut was taxed with attorney fees and costs.

The appellate court held in a Rule 23 opinion (73 Ill. App. 3d 1112) that Argonaut had acquired none of the rights and remedies of the village under the theory of subrogation, since Argonaut had refused to pay the debt according to the terms of the performance bond. Viewing payment of the debt as a condition precedent for the maintenance of a surety's action for subrogation, the appellate court concluded that Argonaut was barred from proceeding under its third-party complaint until its obligation to the village had been met. It further held that the summary judgments entered in favor of the third-party defendants had been properly granted. We allowed leave to appeal.

Argonaut argues here that it is entitled to maintain its third-party action for anticipatory subrogation under section 25(2) of the Civil Practice Act, which provides in pertinent part:

> "Within the time for filing his answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (Ill. Rev. Stat. 1979, ch. 110, par. 25(2).)

In an attempt to support its argument that the maintenance of the third-party action is not contingent upon its prior payment of the debt secured by the performance bond, Argonaut cites the committee comments to section 25(2), which provide in relevant part:

> "Subsection (2), in common with the third-party practice provisions in other jurisdictions, is designed to curtail multiplicity of actions by providing for assertion in one action of any claim which, by reason of the plain-

tiff's claim against him, the defendant has or may have against a third party." (Ill. Ann. Stat., ch. 110, par. 25(2), Joint Committee Comments, at 288 (Smith-Hurd 1968).) Decisions further relied on by Argonaut have construed section 25(2) to permit a defendant other than a surety to bring a third-party action without requiring him to "wait until his liability has been determined, or until he has paid the plaintiff in whole or in part for the plaintiff's damages." (*Embree v. DeKalb Forge Co.* (1964), 49 Ill. App. 2d 85, 92, citing *Blaszak v. Union Tank Car Co.* (1962), 37 Ill. App. 2d 12.) These cases, however, are inapposite since the third-party plaintiffs there seeking subrogation were not sureties.

Third-party practice in Federal procedure has been similarly liberalized under Rule 14(a) (Fed. R. Civ. P. 14(a) (1966)), which, according to the following explanation, "creates no substantive rights. Thus unless there is some substantive basis for the third-party plaintiff's claim he cannot utilize the procedure of Rule 14. The Rule does not establish a right of reimbursement, indemnity, nor contribution; ***." (3 Moore's Federal Practice par. 14.03 [1], at 153 (2d ed. 1979).) This frequently cited passage is representative of the construction of section 14(a) favored by the Federal courts. (*Colton v. Swain* (7th Cir. 1975), 527 F.2d 296, 300-01; *Travelers Insurance Co. v. Busy Electric Co.* (5th Cir. 1961), 294 F.2d 139, 146; *Smith v. Whitmore* (3d Cir. 1959), 270 F.2d 741, 745; *Stratton Group, Ltd. v. Sprayregen* (S.D.N.Y. 1979), 466 F. Supp. 1180, 1186; *Brennan v. Emerald Renovators, Inc.* (S.D.N.Y. 1975), 410 F. Supp 1057, 1063; *Love v. Temple University—Of the Commonwealth System of Higher Education* (E.D. Pa. 1973), 366 F. Supp. 835, 838.) In States with similar provisions governing third-party proceedings, courts have also characterized them as procedural devices which alone were not designed to create or expand substantive rights. See

*Savings Bank of Manchester v. Kane* (1978), 35 Conn. Supp. 82, 396 A.2d 952, 955; see also *Emmons v. Agricultural Insurance Co.* (1963), 245 La. 411, 422, 158 So. 2d 594, 598; *Sattelberger v. Telep* (1954), 14 N.J. 353, 368-69, 102 A.2d 577, 585; *Gustafson v. Johnson* (1952), 235 Minn. 358, 365, 51 N.W.2d 108, 112; *Ingerman v. Bonder* (1950), 46 Del. Super. Ct. 99, 77 A.2d 591, 592.

The joint committee comments to section 25(2) reveal that it was modeled after Federal Rule 14(a) and that it was only intended to effect procedural changes. (Ill. Ann. Stat., ch. 110, par. 25(2), Joint Committee Comments, at 288 (Smith-Hurd 1968).) There is no indication that section 25 was intended to alter the substantive rights of litigants through the maintenance of third-party actions. In a previous construction of section 25(2), this court stated:

> "The section is not a device for tendering a new defendant to the plaintiff, *nor does it create substantive rights.* Consequently, a third-party complaint will be dismissed if it fails to state a cause of action by the defendant against the third-party defendant." (Emphasis added.) (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 230.)

(See *Miller v. DeWitt-Amdal & Associates* (1967), 37 Ill. 2d 273, 287.) It follows, accordingly, that the substantive basis of Argonaut's claim for subrogation in the third-party proceedings here under consideration must exist independently of the procedural reform established in section 25(2).

The courts of this State have long recognized that a surety's right to subrogation does not accrue until he has actually paid the debt. (See *Elgin National Bank v. Goecke* (1920), 295 Ill. 403, 408; *Conwell v. McCowan* (1870), 53 Ill. 363, 365; see also *Dworak v. Tempel* (1959), 17 Ill. 2d 181, 190; *Geneva Construction Co.*

*v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 283; *City of Hillsboro ex rel. International Insurance Co. v. Springfield Mechanical Co.* (1979), 75 Ill. App. 3d 154, 156; *Hardware Dealers Mutual Fire Insurance Co. v. Ross* (1970), 129 Ill. App. 2d 217, 223; *Robbins v. Slavin* (1937), 292 Ill. App. 479, 489-90.) This fundamental principle of subrogation has been widely followed by courts in other jurisdictions (see *Federal Deposit Insurance Corp. v. National Surety Corp.* (E.D.N.Y. 1977), 434 F. Supp. 61, 63-64; *Bishoff v. Fehl* (1942), 345 Pa. 539, 542-43, 29 A.2d 58, 60; *Garrity v. Rural Mutual Insurance Co.* (1977), 77 Wis. 2d 537, 541-45, 253 N.W.2d 512, 514-15; *Savings Bank of Manchester v. Kane* (1978), 35 Conn. Supp. 82, 396 A.2d 952, 954; *In re Israel's Estate* (1970), 64 Misc. 2d 1035, 315 N.Y.S.2d 453, 458; 74 Am. Jur. 2d *Suretyship* sec. 171, at 120 (1974); 73 Am. Jur. 2d *Subrogation* sec. 54, at 632 (1974); 83 C.J.S. *Subrogation* sec. 48, at 670 (1953)), and has been generally recognized by commentators who have examined this subject matter. See 10 Williston, Contracts sec. 1269, at 857, sec. 1274, at 864-67, sec. 1275, at 875 (3d ed. 1967); Stearns, Suretyship sec. 245, at 430 (3d ed. 1922), Sheldon, Subrogation sec. 127, at 190-91 (2d ed. 1893); Restatement of Security sec. 141, comment *a*, at 383-84 (1941); 25 R.C.L. *Subrogation* sec. 4, at 1315, sec. 5, at 1317 (1919).

Underlying this general rule is the strong public policy favoring protection of the reasonable expectations of the creditor to be indemnified against loss arising from breach of duty or contract by the principal. (See *In re Buildice Co.* (N.D. Ill. 1956), 146 F. Supp. 911, 914-15; *Continental Bank & Trust Co. v. Alabama General Insurance Co.* (1963), 274 Ala. 622, 625, 150 So. 2d 688, 690; Stearns, Suretyship sec. 245, at 430 (3d ed. 1922), see also Restatement of Security sec. 141, comment *e* (1942); Note, 7 U. Pitt. L. Rev. 339, 342 (1941).) As stated in *Garrity v.*

*Rural Mutual Insurance Co.* (1977), 77 Wis. 2d 537, 543, 253 N.W.2d 512, 514, quoting 10 Williston, Contracts sec. 1273, at 864 (3d ed. 1967):

> " 'There is no equity on which to base the deprivation of the creditor of any of his legal rights for the benefit of the surety until he has been paid in full.' "

Providing this protection for creditors is the obligation a surety assumes upon the execution of bonds securing the performance or payment under contract. There is, in our opinion, no valid reason to depart from this soundly based rule, which conditions the surety's right to subrogation upon the payment of the debt on which the right of subrogation is based. Inasmuch as Argonaut failed to perform this obligation, its third-party complaint for subrogation was subject to dismissal. Rather than ruling upon the propriety of the third-party defendants' motions for summary judgment, the trial court should have construed them as motions for dismissal. The appellate court, accordingly, ought to have remanded the cause with directions to dismiss the third-party complaint.

The appellate court's refusal to award attorney fees to the third-party defendants is not properly before us. Counsel raised this issue neither in his brief nor in oral argument, except in response to a question from the bench as to whether he intended to waive the issue. Counsel's reply that he did not intend to waive the question is simply not sufficient to present it where it has not been briefed or otherwise referred to. Under our rules a point not argued in the briefs may not be raised in the reply brief, in oral argument, or on petition for rehearing. 73 Ill. 2d Rules 341(e)(7), 341(f); see *Janssen v. City of Springfield* (Mar. 28, 1980), No. 52058); see *People ex rel. Davis v. Chicago Burlington & Quincy R.R. Co.* (1971), 48 Ill. 2d 176, 180; *Flynn v. Vancil* (1968), 41 Ill. 2d 236, 241, 242.

The judgment of the appellate court is affirmed and the cause is remanded to the trial court with directions to vacate its summary judgments for third-party defendants and to dismiss the third-party complaint.

*Affirmed and remanded,*
*with directions.*