■ CASSELL VACATION HOMES, INC., et al., Plaintiffs, v COMMERCIAL UNION INSURANCE COMPANIES et al., Defendants and Third-Party Plaintiffs-Appellants. LEE ZOLDAN ASSOCIATES, INC., et al., Respondents.—In an action to recover property damages under insurance policies, the defendants and third-party plaintiffs appeal from an order of the Supreme Court, Orange County (Williams, J.), dated August 7, 1985, which granted the motion of third-party defendants to dismiss the third-party complaint.

Order reversed, with costs, and motion denied.

This is an action to recover for property damage caused by a fire in which the plaintiffs sued on business owners' policies issued by the defendants Commercial Union Insurance Companies and Preferred Mutual Insurance Company. The defendants asserted affirmative defenses alleging that the plaintiffs had deliberately caused the fire for the purposes of submitting insurance claims. After the plaintiffs served a verified bill of particulars alleging that the fire was "a result of plumbing work", the defendants commenced a third-party action against plumbers Lee Zoldan Associates, Inc., and Lee Zoldan Associates (hereinafter Zoldan) grounded in negligence. Thus, prior to any payment by the defendant carriers, the court is confronted with an action in chief based on insurance policies coupled with a negligence action against alleged tort-feasors.

Zoldan sought to dismiss the third-party complaint based upon covenants in the insurance policies between the plaintiffs and the defendants which provide for subrogation if the defendants make payments. Zoldan maintains that such provisions bar the defendants from impleading them because no payments have been made. Special Term agreed and dismissed the complaint stating, *inter alia,* that even though "the right to oppose the subrogation action should inure only to the insured and not the tort-feasor * * * the covenant binds the insurer, no matter who brings the motion to dismiss the subrogation action". We find that the impleader is proper, and therefore, reverse.

CPLR 1007 permits a defendant to implead a person who is not a party to the action "who is or may be liable" for all or part of the claim. Therefore, absent a contractual limitation, the defendants would have a right to implead Zoldan. The Court of Appeals has held "that the parties to an insurance contract can covenant that the insurer shall have no right to sue the third party until the insurer's liability has been established or the claim paid in part or in full" *(Krause v American Guar. & Liab. Ins. Co.,* 22 NY2d 147, 156; *see also, Ross v Pawtucket Mut. Ins. Co.,* 13 NY2d 233). In the instant case, there were no such covenants. As stated by the Appellate Division, First Department, in *Consolidated Edison Co. v Royal Ins. Co.* (41 AD2d 37, 40) in approving similar impleaders:

"The covenant in the policy was for the benefit of the assured. If the assured raises no objection, a third party which possibly caused the loss should not be allowed to benefit by its terms, and thereby successfully insulate itself from liability for its acts.

"The Statute contemplates the avoidance of multiplicity of actions. Since the courts have a right to control their calendars, and, under the statute, may in a proper case exercise their discretion as warranted, the court properly exercised its powers".

Moreover, in *Krause v American Guar. & Liab. Ins. Co. (supra,* p 156), it was stated that, except in automobile collision insurance cases, impleaders of this nature are proper. Lazer, J. P., Bracken, Kooper and Spatt, JJ., concur.