*In re* ESTATE OF FALLSCHER (William Fallscher, as Adm'r of the Estate of James E. Fallscher, Deceased, Plaintiff-Appellant, v. Pinecrest Golf Club, Inc., Defendant-Appellee).

Second District   No. 2—86—0882

Opinion filed August 13, 1987.

Michael A. Snyder, of Snyder & Gerard, of Chicago, for appellant.

D. Kendall Griffith, William G. Swindal, Clare E. Connor, and Stephen R. Swofford, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, William Fallscher, as administrator of the estate of James E. Fallscher, deceased, brought this action against defendant, Pinecrest Golf Club, Inc. (Pinecrest), decedent's employer, on the theory that decedent was the third-party beneficiary of an insurance contract between Pinecrest and Bankers Life Company (Bankers Life). The court entered summary judgment for Pinecrest. Plaintiff has appealed. We affirm.

Decedent began employment with Pinecrest in April 1983 and worked as a groundkeeper. On November 9, 1983, decedent was injured while in the scope of his employment. He subsequently died as a result of his injuries.

While decedent was employed by Pinecrest, Pinecrest maintained a group life and health insurance plan for its employees pursuant to a contract with Bankers Life. The contract provided life insurance and accidental death and dismemberment insurance for Pinecrest's full-time employees. Pursuant to the terms of the contract, Pinecrest was eligible to provide this insurance for its employees by maintaining 75% employee participation in the plan. The contract further provided

that Pinecrest's failure to maintain that level of participation would result in termination of Pinecrest as a participating employer, and consequently, termination of insurance under the plan.

To be covered under the plan, employees were required to complete an enrollment card when hired. Each employee enrolled would become eligible for coverage upon completion of one month of regularly scheduled full-time employment (25 hours per week). Insurance became effective on the later of: (a) the date the one-month waiting period was completed; or (b) the date the enrollment card was completed; or (c) when properly requested, the date Bankers Life approved a statement of health form.

Decedent was aware that the insurance plan existed and, pursuant to conversations with his employer, assumed he was enrolled in the group plan. However, decedent never filled out the enrollment card requesting insurance, and Pinecrest never paid any premiums on his behalf. In fact, a majority of Pinecrest's employees were similarly not enrolled, thus causing the employee participation level to fall below the required 75%.

After decedent's death, plaintiff discovered that decedent was not enrolled in the group insurance program. Plaintiff then brought the instant action on behalf of decedent as third-party beneficiary against Pinecrest for breach of its contract with Bankers Life. Pinecrest filed a motion for summary judgment stating that it was entitled to judgment as a matter of law because plaintiff could not show that Bankers Life had any enforceable rights against Pinecrest pursuant to the contract under which decedent could base a claim. The trial court granted summary judgment in Pinecrest's favor. Plaintiff appeals. We affirm.

■ We first address motions filed in this court concerning the propriety of certain arguments presented in plaintiff's reply brief. Pinecrest moved to strike a portion of the argument in plaintiff's reply brief. That motion was allowed, and the relevant portion was ordered stricken. Plaintiff moved for reconsideration and for leave to file a memorandum in opposition to Pinecrest's motion to strike. We ordered that the motion to reconsider be taken with the case. That motion is granted.

In his reply brief, plaintiff raised for the first time on appeal a charge that, by granting summary judgment, the trial court permitted "a gross infraction of the discovery process that amounted to the plaintiff's being denied procedural due process." No charge of a discovery violation was raised in plaintiff's initial brief. Supreme Court Rule 341(e)(7) provides that an argument not raised in the initial brief

is considered waived for purposes of review and may not be raised for the first time in the reply brief. (107 Ill. 2d R. 341(e)(7); see also *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 393; *Village of Crainville v. Argonaut Insurance Co.* (1980), 81 Ill. 2d 399, 405.) Holding an issue until the reply brief was prejudicial to Pinecrest and a clear violation of Supreme Court Rule 341(e)(7). The motion to strike is reconsidered and again granted, and the references in plaintiff's reply brief to discovery violations are stricken.

■ The issue presented on the merits is whether plaintiff may maintain an action on behalf of decedent as third-party beneficiary against decedent's employer for the employer's failure to comply with the terms of an insurance contract with an insurer. On Pinecrest's motion for summary judgment, the trial court held that he could not. We agree.

Plaintiff contends that decedent had a vested right under the insurance contract entered into between Pinecrest and Bankers Life entitling him to be presented with an enrollment card when hired and making him a member of a class of employees (75%) of which Pinecrest was obligated to enroll in the group insurance plan. Plaintiff argues that Pinecrest's failure to maintain the level of participation of its employees at 75% was a breach of the contract entered into with Bankers Life for the benefit of Pinecrest's employees, including decedent, and, therefore, decedent is entitled to maintain this action as a third-party beneficiary to that contract.

The law concerning the rights of third-party beneficiaries in Illinois is enunciated in *Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 257, which states:

> "The rule is settled in this State that if a contract be entered into for a direct benefit of a third person not a party thereto, such third person may sue for breach thereof. The test is whether the benefit to the third person is direct to him or is but an incidental benefit to him arising from the contract. If direct he may sue on the contract; if incidental he has no right of recovery thereon."

The court noted that whether the benefit to the third party is direct or incidental depends on the intentions of the parties, which are to be determined on a case by case basis from a consideration of the entire contract and the circumstances surrounding the parties at the time of its execution. 346 Ill. 252, 258.

■ Plaintiff argues that the contract entered into between Pinecrest and Bankers Life was intended to directly benefit Pinecrest's employees. However, even assuming that the contract entered into be-

tween Pinecrest and Bankers Life was intended to directly benefit Pinecrest's employees, including decedent, decedent could not maintain an action as a third-party beneficiary against Pinecrest. The *Carson Pirie Scott* court stated the rule in this way:

"The rule is, that the right of a third party benefited by a contract to sue thereon rests upon the liability of the promisor, and this liability must affirmatively appear from the language of the instrument when properly interpreted and construed." (346 Ill. 252, 258.)

Third-party beneficiaries have no greater rights than the party under which they claim. (*Trident Industrial Products Corp. v. American National Bank & Trust Co.* (1986), 149 Ill. App. 3d 857, 868; *Kessler, Merci, & Lochner, Inc. v. Pioneer Bank & Trust Co.* (1981), 101 Ill. App. 3d 502, 508.) The remedy of a third-party beneficiary lies against the party to the contract who is required to supply his benefits. *Vinylast Corp. v. Gordon* (1973), 10 Ill. App. 3d 1043, 1049.

■■ In the instant action, plaintiff has brought a claim, not against the insurance provider, but against decedent's employer on the basis that Bankers Life has an affirmatively enforceable right against Pinecrest for not maintaining 75% employee participation as required by the contract. The contract in fact merely provides that Pinecrest's failure to maintain the required level of participation would result in termination of Pinecrest's participation in the plan. Pinecrest's obligation to enroll at least 75% of its employees in the plan was a condition precedent to Bankers Life's obligation to perform, and, while Pinecrest's failure to comply with that condition excused Bankers Life from its obligation, it did not entitle Bankers Life to an affirmative cause of action. (*In re Estate of Albrecht* (1975), 27 Ill. App. 3d 839, 841-42.) Therefore, since Bankers Life does not have an affirmative cause of action against Pinecrest, a third-party beneficiary standing in the place of Bankers Life similarly has no cause of action.

The trial court stated that plaintiff failed to establish that Bankers Life had any affirmatively enforceable rights against Pinecrest under which decedent could claim and, therefore, held that there was no genuine issue as to any material fact that would entitle the plaintiff, as a third-party beneficiary of the insurance contract, to a judgment against defendant.

■■ Summary judgment should be granted where the pleadings, depositions, admissions, exhibits, and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (*Carruthers v. B. C.*

*Christopher & Co.* (1974), 57 Ill. 2d 376, 380.) Summary judgment will not be reversed absent an abuse of discretion by the trial court such that plaintiff's right to fundamental justice is violated. (*Kemp v. Sisters of Third Order of St. Francis* (1986), 143 Ill. App. 3d 360, 361-62; *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 5.) In the instant action, there is no genuine issue of material fact in dispute that would entitle plaintiff to maintain this action. Therefore, the trial court properly exercised its discretion by granting summary judgment in Pinecrest's favor.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

HOPF and DUNN, JJ., concur.