[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
On March 23, 2000, the plaintiff, Infinity Insurance Company, filed a six count complaint against the defendant, Worcester Insurance Company, seeking damages for the defendant's conduct in the settlement of a wrongful death action against Mario Oliveira, the plaintiffs insured. CT Page 15138
The complaint alleges that on February 16, 1997, Mario Oliveira was operating a vehicle owned by his father, Joaquim Oliveira, when Mario Oliveira lost control of the vehicle and struck a tree, resulting in the death of the car's only passenger, Thierry Goncalves. Mario Oliveira had his father's permission to use the vehicle involved in the accident. At the time of the accident, Joaquim Oliveira and his wife, Emilia Oliveira, had an automobile insurance policy issued by the defendant providing a per person policy limit of $300,000. Mario Oliveira had a separate insurance policy issued by the plaintiff that insured his own motor vehicle and provided excess coverage if Mario Oliveira was involved in an accident in a vehicle other than his own.
Subsequent to the death of Goncalves, Sylvia Palchik, the administratrix of the Goncalves estate, brought a wrongful death action against Mario Oliveira and Joaquim Oliveira. A settlement was entered into between the defendant, Joaquim Oliveira, Emilia Oliveira and the Goncalves estate providing for a release of liability for the defendant, Joaquim Oliveira and Emilia Oliveira in exchange for $300,000. The plaintiff declined to provide a defense for Mario Oliveira or to indemnify him. The defendant controlled the defense in the action brought by the administratrix and did not obtain a release of liability for Mario Oliveira or the plaintiff.
The Goncalves estate continued the wrongful death action against Mario Oliveira and obtained a judgment in excess of $700,000. Again, the plaintiff refused to provide a defense for its insured, but the defendant continued to defend Mario Oliveira. Subsequently, the Goncalves estate commenced a direct action pursuant to General Statutes § 38a-321
against the plaintiff seeking to recover the entire judgment against its insured, Mario Oliveira. That case is a separate action, currently pending in the Superior Court, judicial district of Waterbury, Docket No. 159122.
In the present action, the plaintiff alleges that the defendant's conduct in settling the wrongful death suit without obtaining a release for Mario Oliveira constituted a breach of the duty to act in good faith (count one), a breach of fiduciary duty (count two), intentional conduct (count three), reckless or wilful misconduct (count four), breach of contract-third party beneficiary (count five) and an unfair trade practice in violation of the Connecticut Unfair Trade Practices Act (CUTPA) (count six).
On May 17, 2000, the defendant filed a motion to dismiss the plaintiff's complaint on the ground that the plaintiff lacks standing because it is not the proper party to request adjudication of the CT Page 15139 defendant's duty to its insured, Mario Oliveira. In addition, the defendant argues that as the plaintiff was neither a party to the contract between it and Joaquim Oliveira nor a contemplated third party beneficiary of this contract, it lacks standing to assert that its rights have been violated under the terms of that contract. The defendant concedes that Mario Oliveira would be the appropriate party to bring the present lawsuit.
The plaintiff opposes the motion to dismiss, arguing that a primary insurance carrier owes a duty to an excess insurance carrier. The plaintiff argues that this duty is enforceable either by a direct action or by equitable subrogation.
 II A.
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Olson v.Accessories Controls Equipment Corp., 54 Conn. App. 506, 528,735 A.2d 881 (1999). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Altfeter v. Naugatuck, 53 Conn. App. 791, 797, 732 A.2d 207
(1999). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
"[S]tanding . . . implicates a court's subject matter jurisdiction . . . [and] may be raised at any point in judicial proceedings." StamfordHospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "Standing is the legal right to set the judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.)State v. DeCaro, 252 Conn. 229, 253, 745 A.2d 800 (2000).
"In general, a party does not have standing to raise rights belonging to another." Stamford Hospital v. Vega, supra, 236 Conn. 657. "[Parties] are not fungible, even if they are represented by the same attorney and have similar interests." (Internal quotation marks omitted.) Exley v.Connecticut Yankee Greyhound Racing, Inc., 59 Conn. App. 224, 235, CT Page 15140755 A.2d 990 (2000). The appropriate standing analysis is "whether the person whose standing is challenged is a proper party to request an adjudication of the issue. . . ." (Internal quotation marks omitted.)State v. DeCaro, supra, 252 Conn. 253. "The plaintiff has the burden of proving standing." Fink v. Golenbock, 238 Conn. 183, 199, 680 A.2d 1243
(1996).
 B.
"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy." (Internal quotation marks omitted.)Imperial Casualty Indemnity Co. v. State, 246 Conn. 313, 324,714 A.2d 1230 (1998). "It is well settled that one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract. . . ." (Internal quotation marks omitted.) Tomlinson v. Board of Education, 226 Conn. 704, 718, 629 A.2d 333
(1993). Thus, in order for the plaintiff to have standing to bring suit, it must show that: (1) it was a party to the contract between Joaquim Oliveira and the defendant or (2) it was a contemplated third party beneficiary of the contract between Joaquim Oliveira and the defendant.
There is no question that an insurance contract exists between the defendant and Joaquim Oliveira. Additionally, while Mario is covered under the defendant's policy as a resident relative of Joaquim Oliveira, the named insured, he also is covered under the insurance contract he has with the plaintiff. The plaintiff is not a party to Joaquim Oliveira's contract with the defendant and thus it can not meet the first part of the standing test.
The plaintiff alleges, however, that as the excess insurer of Mario Oliveira, the plaintiff is a third party beneficiary of the insurance contract between Mario Oliveira and the defendant. (Count five, ¶ 19.) "The proper test to determine whether a [contract] creates a third party beneficiary relationship is whether the parties to the [contract] intended to create a direct obligation from one party to the [contract] to the third party." (Internal quotation marks omitted.) Rapaport Benedict, P.C. v. Stamford, 39 Conn. App. 492, 498, 664 A.2d 1193
(1995). "The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction." (Internal quotation marks omitted.) HLO Land Ownership Associates Ltd. Partnershipv. Hartford, 248 Conn. 350, 356-57, 727 A.2d 1260 (1999). In this case, there is no evidence or allegation that Mario Oliveira or the defendant intended to confer, through their insurance contract, any benefit to CT Page 15141 Infinity. Therefore, the plaintiff also fails to satisfy the alternate requirement and does not have standing as a third party beneficiary under that insurance policy.
The plaintiff argues that "the bulk of well-reasoned authority . . . supports the existence of a duty owed by a primary to an excess carrier.Continental Casualty Co. v. Pullman, Comley Bradley Reeves, 929 F.2d 103,106-7 (2d Cir. 1991)." (Plaintiff's Memorandum, p. 3.) According to the plaintiff, this duty may be enforced directly or by applying the doctrine of equitable subrogation.
There is no Connecticut authority directly on point supporting the plaintiff's position that a direct duty exists between a primary and an excess insurer. In fact, only "[a] few jurisdictions have permitted a direct action by the excess insurer against the primary carrier. . . ."Continental Casualty Co. v. Pullman, Comley, Bradley Reeves,929 F.2d 103, 107 (2d Cir. 1991); see also Hartford Accident IndemnityCo. v. Aetna Casualty Surety Co., 164 Ariz. 286, 289-91, 792 P.2d 749
(1990) (most courts recognizing duty to excess insurer by primary insurer allow pursuit of claim for breach of duty through doctrine of equitable subrogation, whereby excess insurer steps into shoes of insured and rights are derivative of contract between insured and primary insurer, while only minority of jurisdictions find a direct duty owed to excess insurer). "In most states, however, the `courts recognize an action based upon equitable subrogation.' Certain Underwriters of Lloyd's v. Gen.Accident Ins. Co., 909 F.2d 228, 232 (7th Cir. 1990); see also CertainUnderwriters of Lloyd's v. Gen. Accident Ins. Co., 699 F. Sup. 732,737-38 (S.D.Ind. 1988), aff'd, 909 F.2d 228 (7th Cir. 1990) (the trend is to allow excess insurer to sue primary carrier under doctrine of equitable subrogation for wrongful failure to settle)." ContinentalCasualty Co. v. Pullman, Comley, Bradley Reeves, supra, 929 F.2d 107.
Connecticut recognizes a cause of action based upon equitable subrogation. "[T]he right of [equitable] subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect." (Internal quotation marks omitted.)Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362, 371,672 A.2d 939 (1996). Equitable subrogation "is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." (Internal quotation marks omitted.) Id.
Thus, the plaintiff's remedy, if any, is not by a direct duty action against the defendant but rather through equitable subrogation, where the CT Page 15142 plaintiff "stands in the place of the insured and succeeds to whatever rights he many have in the matter." (Internal quotation marks omitted.)Wilkinson v. Boats Unlimited, Inc., 236 Conn. 78, 88, 670 A.2d 1296
(1996).[1] "Subrogation may be utilized only after full payment of the debt owed the subrogor." Thornton v. Syracuse Savings Bank, 961 F.2d 1042,1047 (2d Cir. 1992); see also Savings Bank of Manchester v. Kane,35 Conn. Sup. 82, 86-87, 396 A.2d 952 (1978). Here, the plaintiff has not pleaded a cause of action for equitable subrogation nor has the plaintiff pleaded or provided evidence that it has actually paid for and satisfied the judgment owed by Mario Oliveira to the Goncalves' estate. Therefore, the plaintiff lacks standing to assert the rights of its insured pursuant to the equitable subrogation doctrine.
 CONCLUSION
The defendant's motion to dismiss is granted because the plaintiff lacks standing to assert as it is neither a party to the Worcester insurance contract nor a third party beneficiary and therefore cannot sue to enforce Mario Oliveira's rights thereunder.
Berger, J.