[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
On or about June 4, 1997, Ryan Morin, while operating a vehicle owned by Kenneth McCourt, was involved in a motor vehicle accident with Deborah J. Cecere. On July 9, 1998, Cecere commenced an action, seeking damages from Morin and McCourt. On March 11, 1999, Cecere initiated a second action against her uninsured/underinsured carrier, Eagle American Insurance Company, claiming that McCourt's carrier, Travelers Insurance Company, had denied coverage.
On June 2, 1999, Eagle American moved to implead Morin, McCourt and Travelers, pursuant to General Statutes § 52-102a and after this motion was granted, Eagle American on July 19, 1999 filed a three count third-party complaint against Morin, McCourt and Travelers, seeking equitable subrogation and indemnification against Travelers, (count one), equitable subrogation against McCourt (count two) and equitable subrogation against Morin (count three). On July 18, 2000, the two actions were consolidated.
On June 23, 2000, prior to consolidation, McCourt and Travelers, two of the third party defendants filed this motion to strike the third-party complaint, and on June 26, 2000, Morin, the other third party defendant, filed a separate motion to strike count three of the third-party complaint.
 -I-
The third-party defendants claims that Eagle American's equitable subrogation claims may not be asserted until payments are made to the insured under the ruling in Westchester Fire Ins. Co. v. Allstate Ins.Co., 236 Conn. 362, 672 A.2d 939 (1996). Eagle American argues that the CT Page 15519 third-party defendants were impleaded pursuant to General Statutes §52-102a, which allows a defendant to implead any person "who is or may beliable to him for all or part of the plaintiff's claim against him"; (emphasis added).
Our Supreme Court in Westchester Fire Ins. Co., supra, permitted a plaintiff to maintain an action for equitable subrogation differentiating that claim from one based on an assignment of a personal injury action. Earlier, our Supreme Court had stated that "It is evident that the language of § 52-102a . . . refers to causes of action for indemnity and contribution. . . ." Malerba v. Cessna Aircraft Co., 210 Conn. 189,195, 554 A.2d 287 (1989); In La Teano v. Aetna Life Casualty Ins. Co.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 380464 (June 26, 1992, Wagner, J.) (7 C.S.C.R. 834) this Court construed section 52-102a as referring to causes of action for indemnification and contribution, at least one other Superior Court decision has allowed a subrogation claim to be brought against a third-party defendant pursuant to § 52-102a, despite the third-party defendant's claim that subrogation was premature in the absence of payment by the insurer to its insured. See Meyer v. Valley Forge Ins.Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 265791 (April 11, 1991, Maiocco, J.) (3 Conn.L.Rptr. 456).
On the other hand, in Savings Bank of Manchester v. Kane,35 Conn. Sup. 82, 396 A.2d 952 (1978), the court granted judgment in favor of a third-party defendant, holding that "[t]he mere liability to pay money for another as surety is no ground for action and no right of action accrues until actual payment is made."
Since Section 52-102a finds its counterpart in Rule 14(a) of the Federal Rules of Civil Procedure, it is worth noting that federal courts have generally interpreted Rule 14 to allow the accelerated accrual of subrogation claims, in addition to contribution and indemnification claims. See Glens Falls Indemnity Co. v. Atlantic Building Corp.,199 F.2d 60, 63-64 (4th Cir. 1952); General Accident Ins. Co. ofAmerica v. Fidelity Deposit Co. of Maryland, 598 F. Sup. 1223, 1247-49
(E.D.Pa. 1984); King v. State Farm Mutual Ins. Co., 274 F. Sup. 824,826 (W.D.Ark. 1967); Fuel Transportation Co. v. Fireman's Fund Ins. Co.of Newark, N.J., 108 F.R.D. 156, 158 (E.D.Pa. 1985); Hava, Ltd. v. FirstAmerican Title Ins. Co., United States District Court, Docket No. 4050 (E.D.Pa. June 1, 1995). In addition, other states with impleader rules similar to our own have also allowed third-party subrogation claims to be brought. See Attorneys' Title Ins. Fund. Inc. v. Punta Gorda Isles,Inc., 547 So.2d 1250, 1251-52 (Fla.App. 2 Dist. 1989); Cassell VacationHomes, Inc. v. Commercial Union Ins. Companies, 121 App.Div.2d 674,504 N.Y.S.2d 443 (1986); State Farm Mutual Automobile Ins. Co. v. Solem,
CT Page 15520622 P.2d 682, 683-84 (Mont. 1981).
It is concluded that § 52-102a should be interpreted in a similar maimer as the federal rule, to allow third-party impleader practice to encompass subrogation claims even before they are paid. Third-party defendants' motions to strike the subrogation claims in counts one, two and three on the basis of no actual payment is denied.
 -II-
McCourt and Travelers make the additional argument that counts one and two are barred by the prior pending action doctrine because Cecere previously brought suit against McCourt and Morin, seeking a determination of their liability for her injuries.
In Connecticut, "[t]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . [The court] must examine the pleadings to ascertain whether the actions are virtually alike . . . and whether they are brought to adjudicate the same underlying rights." (Emphasis in original) Sandvig v. A. Debreuil Sons, Inc., 53 Conn. App. 466, 469,730 A.2d 646, cert. denied, 250 Conn. 920, 738 A.2d 659 (1999). The rule permitting dismissal of an action because of a prior pending action does not apply when the two actions are for different purposes or ends, or where they involve different issues. ALCA Construction Co. v. WaterburyHousing Authority, 49 Conn. App. 78, 81, 713 A.2d 886 (1998).
Clearly, the parties involved in these two cases are different — Eagle American and Travelers were not parties to the first action. Although both actions are based on the same factual background, they are brought for different purposes and seek different remedies. Eagle American impleaded the third-party defendants only to protect its indemnification and subrogation rights. Morever, since the filing of the present motions to strike, the two pending actions have been consolidated obviating any concerns of duplicity of actions and inconsistency of verdicts. The third-party defendants' motion to strike counts one and two of the third-party complaint on the basis of the prior pending action doctrine is denied.
 -III-
CT Page 15521
Finally, McCourt and Travelers argue that Eagle American's indemnification claims in counts one and two fail to set forth a legally sufficient basis for indemnification. Morin also argues that the indemnification claim made against him in count three should be stricken, raising the same ground that he argued as to the claim for subrogation, namely, that the claim is premature because Eagle American has made no payments to its insured.
The only claim for indemnification made by Eagle American is brought in count one against Travelers. Counts two and three allege subrogation against McCourt and Morin based on their alleged negligence but do not purport to seek indemnification. In its memorandum of law Eagle American takes the position that count one "seeks equitable subrogation and indemnification from Travelers," while count two "seeks equitable subrogation against McCourt" and count three "seeks equitable subrogation against Morin." Thus the indemnification claim made against Travelers in count one is the only one which requires determination by this court.
In Connecticut, "a party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. . . . [I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought. . . . Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiffs, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Burkert v. Petrol Plus of Naugatuck,Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
Count one of the third-party complaint, alleging, inter alia, indemnification against Travelers, does not allege a cause of action based on active/passive negligence, but is based on Travelers' alleged breach of its insurance policy with McCourt. Eagle American has not alleged that it is a party to or a third-party beneficiary of the contract between Travelers and McCourt. One who is neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract. Coburn v. Lenox Homes, Inc., 173 Conn. 567,570, 378 A.2d 599 (1977).
In summary, the third-party defendants' motions to strike counts one, CT Page 15522 two and three alleging equitable subrogation is denied and the third-party defendants' motion to strike count one insofar as it seeks indemnification, is granted.
Wagner, JTR