[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD PARTY COMPLAINT (#108)
Before the court is the plaintiff's motion to strike the third party complaint.[1] For the following reasons, the court grants the plaintiff's motion in part and denies it in part.
 I BACKGROUND
On August 16, 2001, the plaintiff, Environmental Services, Inc. (Environmental), filed a two-count complaint against the defendants Edward S. Mull and Company, Inc. (Mull) and Martin Mierz. The complaint alleges that Mull contracted with Environmental "for immediate response and disposal services (oil) for the property." (Complaint, count one, ¶ 2.) Subsequently, Mull allegedly breached the contract when it failed to remit payment to Environmental. Environmental also alleges that Mierz owes the money for the clean up, pursuant to the equitable doctrine of quantum meruit. (See Complaint, count two.)
On September 17, 2001, Mull filed a motion to cite in Middletown Winnelson Company and Granby Steel Tanks, the third party defendants. Over Environmental's objection, filed on September 25, 2001, the court granted Mull's motion on October 3, 2001.
The third party complaint's first count alleges that the third party defendants were negligent in the construction and provision of a three hundred thirty gallon oil tank, that such negligence caused the oil spill and, therefore, they owe Mull indemnity for Environmental's claims. The second count alleges that, pursuant to General Statutes § 22a-452, the third party defendants owe Mull reimbursement for the costs of the clean-up effort.
Environmental filed its motion to strike on October 25, 2001. It contends that both counts of the third party complaint and parts of the prayer for relief should be stricken. The court heard oral argument concerning the motion to strike on December 17, 2001. CT Page 2354
 II STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Szczapa v. UnitedParcel Service, Inc., 56 Conn. App. 325, 328, 743 A.2d 622, cert. denied, 252 Conn. 951, 748 A.2d 299 (2000). The court must "take the facts to be those alleged in the complaint. . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." Fields v. Giron, 65 Conn. App. 771, 774, 783 A.2d 1097, cert. denied, 258 Conn. 936, 785 A.2d 230 (2001). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted.)Gazo v. City of Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 694, 748 A.2d 834
(2000).
 III DISCUSSION A First Count
Environmental attacks the first count of the third party complaint, arguing that the cause of action alleged in the first count is not proper when the underlying complaint alleges breach of contract and quantum meruit. Because "[t]he original complaint is necessarily bound up with and underlies the third party action against the third party defendant"; CT Page 2355Reiss v. Jeber Realty, Superior Court, judicial district of New Haven at New Haven, Docket No. 371238 (May 21, 1996, Corradino, J.) (16 Conn.L.Rptr. 590); it is proper to look to the underlying complaint to determine whether the third party complaint alleges a cause of action upon which relief may be granted.
Mull cites law of the case as a reason for disregarding Environmental's argument. The court, however, is not bound by the law of the case doctrine. First, "[t]he law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." (Internal quotation marks omitted.) Bowman v. Jack's Auto Sales, 54 Conn. App. 289, 293,734 A.2d 1036 (1999). This court granted the motion to cite in the third party defendants, so the aspect of the law of the case doctrine of having hesitancy to overturn another judge's decision does not present itself. Moreover, when deciding the motion to cite in the additional parties, this court could not rule upon the legal sufficiency of the allegations of the then-proposed third party complaint nor could it consider the two counts of the complaint separately, so the court is not being asked to overturn its previous ruling.
The court first notes that "[t]he fact that the main action might sound in contract and the third party action in common-law indemnification does not preclude impleader." Meyer v. Valley Forge Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 265791 (April 11, 1991, Maiocco, J.) There exist, however, limitations upon what a third party plaintiff may allege in its third party complaint.
Connecticut law "permits the impleading by a defendant of one not a party to the original action who is or may be liable to him for all or part of the plaintiff's claim against him. This rule is patterned after Rule 14(a) of the Federal Rules of Civil Procedure. Third-party practice is procedural and does not create, abridge, enlarge or modify the substantive rights of any litigant, but where there is a substantive basis for a right to reimbursement or indemnity, the rule expedites the presentation, and, in some cases, the accrual of such rights." (Internal quotation marks omitted.) Savings Bank of Manchester v. Kane,35 Conn. Sup. 82, 88, 396 A.2d 952 (1978). Thus, "[i]mpleader is available only when the third party defendant's liability is secondary to, or a derivative of, the original defendants's liability on the original plaintiff's claim. Faser v. Sears, Roebuck Co., 674 F.2d 856,860 (11th Cir. 1982)." (Internal quotation marks omitted.) Sun Care v.CT Page 2356Long Ridge Nursing Rehabilitation Center, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144862 (April 27, 1999, Lewis, J.) (24 Conn.L.Rptr. 409).
In order to allege a successful third party claim for indemnity, the court must determine whether the third party complaint alleges that the third party defendants' liability is derivative of or secondary to Mull's liability. Environmental clearly alleges breach of contract and quantum meruit because of Mull's and Mierz's alleged failure to pay for work that Environmental performed. The third party defendants' liability, however, is not secondary or derivative of Mull's liability because, even if Mull is found liable for breach of contract, the alleged negligence of the third-party defendants does not derive from that liability. Accordingly, in the first count, the landowners have failed to allege a claim upon which relief may be granted.[2]
 B Second Count
Environmental contends that the second count is legally insufficient because it raises an independent cause of action not appropriate in a third party complaint. "[A] third-party complaint may not allege causes of actions separate and distinct from those claims alleged in the original complaint." American States Ins. Co. v. Wright Electric, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 509923 (November 23, 1993, Wagner, J.) This court finds, however, that the cause of action alleged in the third party complaint's second count does relate back to the original complaint.
The second count re-alleges the negligent actions of the third party defendants, then claims reimbursement pursuant to § 22a-452. Section22a-452 provides that "[a]ny person, firm, corporation or municipality which contains or removes or otherwise mitigates the effects of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance or material or waste shall be entitled to reimbursement from any person, firm or corporation for the reasonable costs expended for such containment, removal, or mitigation, if such oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes pollution or contamination or other emergency resulted from the negligence or other actions of such person, firm or corporation."
As discussed in Part III A, a third party complaint may seek indemnity or reimbursement. Savings Bank of Manchester v. Kane, supra, CT Page 2357 35 Conn. Sup. 88. Because § 22a-452 uses the word "reimbursement," it is clear that the statute may be used in a third party complaint.
Moreover, the third party defendants' claimed liability under this count would be derivative of Mull's liability. The original complaint alleges that Environmental and Mull contracted to clean up the spill. The present lawsuit could impose liability upon Mull. If Mull is found liable, pursuant to § 22a-452, the third party defendants may be obligated to pay the clean up price, i.e., the contract price, if Mull can show that the third party defendants were negligent in causing the oil spill. Accordingly, this court finds that the second count is not an independent cause of action, but is one for reimbursement properly brought by a third party complaint.
 C Prayer for Relief
The third party complaint's prayer for relief requests money damages (¶ a), reimbursement (¶ b) and "such other relief as in law or equity may appertain" (¶ c). Environmental has attacked the first paragraph, which requests money damages, and the third paragraph.
The court has stricken the first count, but has found the second count to be legally sufficient. Because the second count seeks only reimbursement, the court strikes the first paragraph (a) of the prayer for relief Paragraph (c) is properly pleaded. In Conway v. ManchesterMemorial Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, No. 519009 (February 20, 1996, Schimelman, J.), cited by the plaintiff, the motion to strike portions of the prayer for relief at issue was not addressed to a similarly pleaded paragraph ("any other relief the court deems appropriate").
 IV CONCLUSION
For the reasons herein stated, the plaintiff's motion to strike the third party complaint (#108) is hereby granted as to the first count and the first paragraph (a) of the prayer for relief The plaintiff's motion to strike the third party complaint's second count and the third paragraph (c) of the prayer for relief is hereby denied. It is so ordered. CT Page 2358
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT